IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re : | Jointly Administered |
| OLYMPUS HEALTHCARE GROUP, INC, *et al.*, : | Case Nos. 01-1849 through 01-1858 (WS) |
| Debtors. : | |
| CRAIG JALBERT, Liquidating Supervisor for OLYMPUS HEALTHCARE GROUP, INC. *et al.*, : | |
| Plaintiff, : v. : | Adv. Pro. No. 03-53411(PBL) |
| CAHCF ASSISTANCE CORPORATION, : | Re: Adv. D.I. 53 |
| Defendant. : | |

**KATHARINE B. SACKS', AS RECEIVER FOR FIVE FACILITIES FORMERLY OWNED AND OPERATED BY PEGASUS MANAGEMENT COMPANY, INC., DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL**

Appellant Katharine B. Sacks, as Receiver for Five Facilities Formerly Owned and Operated by Pegasus Management Company, Inc. ("Ms. Sacks"), in accordance with Fed.R.Bankr.P. 8006, makes the following designation of items to be included in the record on appeal and a statement of the issues to be presented on appeal. In accordance with Fed.R.Bank.P. 8006 and Local Rule 8006-1, Ms. Sacks will provide to the Clerk of this Court a copy of the items designated below for inclusion in the record on appeal.

Ms. Sacks' designation of items to be included in the record on appeal is as follows:

1. Complaint (Adv. D.I. No. 1);
2. Defendant's Answer and Counterclaim for Interpleader (Adv. D.I. No. 10);
3. Plaintiff's Answer to Defendant's Counterclaim for Interpleader (Adv. D.I. No. 22);
4. Order: (I) Directing Defendant to Deposit Funds with the Clerk of the Court, (II) Directing the Clerk of the Court to Establish an Escrow

       Account, and (III) Providing for Dismissal of Defendant Upon Deposit of Funds (Adv. D.I. No. 24);

5. Order Directing Service of Complaint and Joining New Defendants (Adv. D.I. No. 25);

6. Certificate of Service (Adv. D.I. No. 28);

7. U.S. Nursing Corporation's Answer to Defendant's Counterclaim for Interpleader and Cross-Claim to Interpleader Funds (Adv. D.I. No. 29);

8. Request by Plaintiff for Entry of Default against Pegasus Management, Inc. (Adv. D.I. No. 30);

9. [Clerk's] Entry of Default (Adv. D.I. No. 32);

10. Request by Plaintiff for Default Judgment Against Pegasus Management, Inc. (Adv. D.I. No. 33);

11. Order Approving Judgment by Default (Adv. D.I. No. 34);

12. Certificate of Service (Adv. D.I. No. 35);

13. Motion of Liquidating Supervisor for Entry of an Order Authorizing and Approving Settlement Agreement (Adv. D.I. No. 36);

14. Motion of Katharine B. Sacks, as Receiver of Five Facilities Formerly Owned and Operated by Pegasus Management Company, Inc., for an Order Setting Aside Default and Default Judgment Pursuant to Fed.R.Civ.P. 55(c) and 60(b)(4) and (6), as Incorporated by Fed.R.Bankr.P. 7055 and 9024 (Adv. D.I. No. 38);

15. Memorandum of Law in Support of Motion of Katharine B. Sacks, as Receiver of Five Facilities Formerly Owned and Operated by Pegasus Management Company, Inc., for an Order Setting Aside Default and Default Judgment Pursuant to Fed.R.Civ.P. 55(c) and 60(b)(4) and (6), as Incorporated by Fed.R.Bankr.P. 7055 and 9024 (Adv. D.I. No. 38);

16. Objection of the Liquidating Supervisor and U.S. Nursing Corporation to Motion of Katharine B. Sacks, as Receiver of Five Facilities Formerly Owned and Operated by Pegasus Management Company, Inc., for an Order Setting Aside Default and Default Judgment Pursuant to Fed.R.Civ.P. 55(c) and 60(b)(4) and (6), as Incorporated by Fed.R.Bankr.P. 7055 and 9024 (Adv. D.I. No. 41);

17. Reply Brief in Support of Motion of Katharine B. Sacks, as Receiver of Five Facilities Formerly Owned and Operated by Pegasus Management

        Company, Inc., for an Order Setting Aside Default and Default Judgment Pursuant to Fed.R.Civ.P. 55(c) and 60(b)(4) and (6), as Incorporated by Fed.R.Bankr.P. 7055 and 9024 (Adv. D.I. No. 43);

18. Request for Oral Argument (Adv. D.I. No. 44);

19. Objection of Katharine B. Sacks, as Receiver of Five Facilities Formerly Owned and Operated by Pegasus Management Company, Inc., to Motion of the Liquidating Supervisor for Entry of an Order Authorizing and Approving Settlement Agreement (Adv. D.I. No. 47)

20. Reply of the Liquidating Supervisor to Katharine B. Sacks's Objection to Motion for Entry of an Order Authorizing and Approving Settlement Agreement (Adv. D.I. No. 48)

21. Memorandum and Order Denying Motion of Defendant for an Order Setting Aside the Default and Default Judgment (Adv. D.I. No. 51); and

22. Order Authorizing and Approving Settlement Agreement (Adv. D.I. No. 53)

Ms. Sacks' statement of the issues to be presented on appeal is as follows:

1. Whether the Bankruptcy Court erred by authorizing and approving the settlement between the Plaintiff and U.S. Nursing Corporation?

2. Whether the Bankruptcy Court erred by authorizing and approving the settlement between the Plaintiff and U.S. Nursing Corporation because the settlement did not provide the State of Connecticut, via Ms. Sacks as its nursing home receiver, with an opportunity to assert the claim of the State of Connecticut to the funds at issue?

Dated: July 15, 2005
    Wilmington, Delaware

REED SMITH LLP

By: /s/ Mark W. Eckard
    Mark W. Eckard (No. 4542)
    1201 Market Street, Suite 1500
    Wilmington, Delaware 19801
    Telephone: (302) 778-7518
    Facsimile: (302) 778-7575
    E-mail: meckard@reedsmith.com

    Counsel for Katharine B. Sacks, as Receiver for Five Facilities Formerly Owned and Operated by Pegasus Management Company, Inc.