IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | |
| | : | Jointly Administered |
| OLYMPUS HEALTHCARE GROUP, INC, *et al.*, | : | Case Nos. 01-1849 |
| | : | through 01-1858 (WS) |
| Debtors. | : | |
| | : | |
| CRAIG JALBERT, Liquidating Supervisor for | : | |
| OLYMPUS HEALTHCARE GROUP, INC. *et al.*, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | Adv. Pro. No. 03-53411(PBL) |
| | : | |
| CAHCF ASSISTANCE CORPORATION, | : | Re: Adv. D.I. Nos. 51, 53 |
| | : | |
| Defendant. | : | |

**MOTION OF KATHARINE B. SACKS, AS THE STATE OF CONNECTICUT'S RECEIVER OF FIVE FACILITIES FORMERLY OWNED AND OPERATED BY PEGASUS MANAGEMENT COMPANY, INC., FOR STAY PENDING APPEAL**

Katharine B. Sacks, As The State of Connecticut's Receiver Of Five Facilities Formerly Owned and Operated By Pegasus Management Company, Inc. ("Ms. Sacks"), hereby moves (the "Motion") pursuant to Federal Rule of Bankruptcy Procedure 8005, for an order staying enforcement of this Court's (1) Memorandum and Order Denying Motion of Defendant for an Order Setting Aside the Default and Default Judgment entered on June 23, 2005 (the "Default Judgment Opinion and Order"); (2) Order Authorizing and Approving Settlement Agreement (the "Settlement Agreement Order"), and (3) any other proceedings in connection with matters in this action, pending the disposition of Ms. Sacks' appeal from the Order to the United States District Court for the District of Delaware, and in support thereof respectfully states as follows:

## I.     FACTUAL BACKGROUND

1. On May 23, 2003, the instant adversary action was commenced when the above-captioned plaintiff (the "Plaintiff") filed a complaint to avoid preferential transfers pursuant to 11 U.S.C. §§ 547 and 550 (the "Complaint") against CAHCF Assistance Corporation ("CAHCF"). The Complaint sought to recover an amount not less than $234,000.00.

2. On September 13, 2004, this Court entered the Order (I) Directing Defendant To Deposit Funds With The Clerk Of The Court, (II) Directing The Clerk Of The Court To Establish An Escrow Account, And (III) Providing For Dismissal Of Defendant Upon Deposit Of Funds, (the "Escrow Order") (Adv. D.I. No. 24) wherein this Court ordered CAHCF to deposit $234,000 in immediately available funds (the "Deposited Funds") with the Clerk of the United States Bankruptcy Court for the District of Delaware on or before September 15, 2004. Upon transfer of the Deposited Funds, the Court ordered that CAHCF be dismissed from the instant action.

3. Also on September 13, 2004, this Court entered the Order Directing Service of Complaint and Joining New Defendants (the "Order Directing Service and Joinder") (Adv. D.I. No. 25). Under the Order Directing Service and Joinder, Pegasus and U.S. Nursing Corporation ("USNC") are named as the "New Defendants" to the instant action.

4. Ms. Sacks is the State of Connecticut's appointed nursing home receiver for five facilities formerly owned and operated by Pegasus, a Massachusetts corporation. Ms. Sacks was appointed pursuant to a Connecticut statute, promulgated under that state's police power, providing for the imposition of receivership on nursing home facilities located within the jurisdiction of the State of Connecticut, upon a finding of an imminent health or safety threat to patients therein.

5. On January 14, 2005, the Clerk of the Bankruptcy Court entered default against Pegasus (the "Entry of Default"), pursuant to Fed.R.Bankr.P. 7055 (Adv. D.I. No. 32).

6. On February 8, 2005, the Plaintiff filed the Request By Plaintiff For Default Judgment Against Pegasus (Adv. D.I. No. 33), seeking the entry of a default judgment against Pegasus and an order that Pegasus has forfeited its right to the $234,000 at issue in the instant action.

7. On February 14, 2005, this Court entered a Judgment By Default (the "Default Judgment") pursuant to Fed.R.Civ.P. 55(b)(2), as incorporated by Fed.R.Bankr.P. 7055 (Adv. D.I. No. 34). The Default Judgment Opinion and Orders "that Pegasus has no rights or claim to the funds at issue" in the instant action.

8. On February 16, 2005, the Plaintiff filed the Motion to Approve Settlement Agreement (the "Settlement Motion").

9. On February 22, 2005, Ms. Sacks filed the Motion Of Katharine B. Sacks, As Receiver Of Five Facilities Formerly Owned And Operated By Pegasus Management Company, Inc., For An Order Setting Aside Default And Default Judgment Pursuant To Fed.R.Civ.P. 55(c) And 60(b)(4) and (6), As Incorporated By Fed.R.Bankr.P. 7055 And 9024 (the "Motion to Vacate Default Judgment") and a Memorandum of Law in support thereof. Adv. D.I. No. 40.

10. On March 4, 2005, the Plaintiff and USNC filed the Objection of the Liquidating Supervisor and USNC to the Motion to Vacate Default Judgment. Adv. D.I. No. 41.

11. On March 11, 2005, Ms. Sacks filed the Reply Brief in Support of the Motion to Vacate Default Judgment. Adv. D.I. No. 43.

3

12. On March 17, 2005, Ms. Sacks filed the Objection to the Settlement Motion. Adv. D.I. No. 47.

13. On March 24, 2005, the Plaintiff filed the Reply of the Liquidating Supervisor to Ms. Sacks' Objection to the Settlement Motion.[1] Adv. D.I. No. 48.

14. On June 24, 2005, this Court entered its Default Judgment Opinion and Order. Adv. D.I. No. 51.

15. On June 30, 2005, this Court entered its Settlement Agreement Order. Adv. D.I. No. 53.

16. On July 1, 2005, the Plaintiff filed a Certification of Counsel Regarding Release of funds Held By the Clerk of the United States Bankruptcy Court for the District of Delaware (the "Request to Release Escrow Funds"). Adv. D.I. No. 55.

17. On July 5, 2005, Ms. Sacks filed Notices of Appeal regarding this Court's (1) Default Judgment Opinion and Order and (2) Settlement Order. Adv. D.I. Nos. 56 and 57.

## II.   JURISDICTION AND VENUE

18. The United States Bankruptcy Court for the District of Delaware has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F). Venue is proper in this Court pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicate for the relief requested is Rule 8005 ("Bankruptcy Rule 8005") of the Federal Rules of Bankruptcy Procedure ("Fed.R.Bankr.P.").

---

[1] Capitalized terms not defined herein shall have the meanings ascribed thereto in the Motion.

## III.   ARGUMENT

19.   Bankruptcy Rule 8005 provides in pertinent part, "the bankruptcy judge may suspend or order the continuation of other proceedings in the case under the Code or make any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Fed.R.Bankr.P. 8005.

20.   As stated by the United States District Court for the District of Delaware,

> The court may grant such a stay when the party seeking the stay can demonstrate that: (1) it has a likelihood of success on the merits of the appeal; (2) it will be subject to irreparable harm if the stay is not granted; (3) the granting of the stay will not substantially harm other interested parties; and (4) the granting of the stay would serve the public interest.

The Hertz Corp. v. ANC Rental Corp. (In re ANC Rental Corp.), 2002 WL 1058196 at *2 (D. Del. 2002)[2]; VFB LLC v. The Money's Trust (In re VF Brands, Inc.), 282 B.R. 134, 137 (Bankr. D. Del. 2002) (using the same four factor test to decide a motion to stay an order denying an injunction under Bankruptcy Rule 7062); Morgan v. Polaroid Corp. (In re Polaroid Corp.), 2004 WL 253477 at *1 (D. Del. 2004).

21.   This Court should grant the Motion because (1) given the purely legal nature of the Default Judgment Opinion and Order, the court's incorrect ruling on Ms. Sacks' status as an agent of the State of Connecticut as its nursing home receiver for five bankrupt nursing homes, and the fact that the courts of the State of Connecticut are markedly split as to the Connecticut state law upon which the Default Judgment Opinion and Order was decided, there exists a likelihood that Ms. Sacks will prevail upon appeal; (2) the State of Connecticut, via Ms. Sacks as its receiver, will suffer irreparable injury unless this Motion is granted because the Court may

---

[2] Copies of all unreported cases cited herein are attached as Exhibit A.

likely grant the Request to Release Escrow Funds, thus allowing the disbursement of the Deposited Funds to the Plaintiff and USNC and potentially rendering Ms. Sacks' appeal equitably moot; (3) neither the Plaintiff nor USNC will suffer substantial harm if the stay is granted; and (4) the public interest will not be harmed if this Motion is granted. Id.

**A.    Ms. Sacks' appeal has a likelihood of success on the merits.**

22.    The most important factor of the four-factor standard to obtain a stay pending appeal is the likelihood of success on the merits. In re Holtmeyer, 229 B.R. 579, 582 (E.D.N.Y. 1999) (collecting cases).

23.    Regrettably, the "likelihood of success on the merits of the appeal" factor of the standard that must here be decided puts Ms. Sacks and her undersigned counsel, in somewhat of an awkward position with this Court. The awkwardness of such a situation was noted by the court in In re Public Serv. Co., 116 B.R. 347 (Bankr. D. N.H. 1990):

> Initially, this Court must confess that it finds it hard to conceive of many situations where a trial court could find in favor of a movant for stay relief on this factor if taken literally. The trial court in effect would be saying that it decided the case improperly and should be reversed. Human nature – judicial or otherwise – does not go that far. If the trial court is really convinced that it made a reversible error it should indicate its willingness to consider vacating its order and the appeal would become moot. Thus, what this factor must mean in actual practice is not a literal "likelihood" of success on the merits, but that movant has a "substantial case" or a "strong case on appeal." Cf. In re Safon Ochart, 74 B.R. 136, 137 (Bankr. D. P.R. 1987). While this standard is more lenient to an appellant than is explicitly recognized in the case law to date, I believe it is inescapable as a practical matter *in the appeal context* as contrasted with the preliminary injunction context.

Id. at 348-49; see also In re Miraj and Sons, Inc., 201 B.R. 23, 26-27 (Bankr. D. Mass. 1996) (In [In re Public Serv. Co., 116 B.R. 347], Chief Judge Yacos expressed his confusion as to what was expected of a trial court asked to determine the probability of its reversal by a higher court. .

. . Instead, Judge Yacos opted for a non-literal interpretation of this factor and ruled that it was met if the court found that the movant had a 'substantial case' or a 'strong case on appeal.' Id. This Court agrees. It is improbable that this Court will find that its reversal is likely. However, this factor should not be declared absent if the appellant has a substantial case. . . . The law in this area is unsettled . . . . Notwithstanding this Court's confidence in the rectitude of its decision, [the appellant's] appeal is not frivolous. It has a substantial case. The first factor of the test is therefore satisfied."); In re The Columbia Gas System, Inc., 1992 U.S. Dist. LEXIS 3253 at * 4 (D. Del. March 10, 1992) (citing In re Public Serv. Co. and stating, "[p]robable success on the merits means that 'the movant has a substantial case, or a strong case on appeal.'") (internal quotations omitted); Morgan v. Polaroid Corp. (In re Polaroid Corp.), 2004 WL 253477 at *1 (D. Del. 2004) (citing In re Public Serv. Co. and In re The Columbia Gas System, Inc. and stating, "[l]ikelihood of success on the merits means that a movant has a 'substantial case, or a strong case on appeal.'") (internal quotations omitted).

24.    Therefore, based on the reasoning of (former) Chief Judge Yacos in In re Public Serv. Co. and to quiet the inherent conflict in asking a Bankruptcy Judge to render a decision as to the likelihood that his own opinion will be reversed on appeal, the District of Delaware has twice held that a non-literal interpretation should be applied to the "likelihood of success on the merits of the appeal" factor. "Likelihood of success on the merits" means that an appellant has a "substantial case or a strong case on appeal." In re Polaroid Corp., 2004 WL 253477 at *1 (citing In re The Columbia Gas System, Inc., 1992 U.S. Dist. LEXIS 3253 at *4).

25.    In In re Polaroid, the United States District Court for the District of Delaware refused to find a likelihood of success on the merits of the appellant's appeal because the appellant did not "identify for the Court any order, decree, or judgment by the Bankruptcy Court

that was erroneous, and thus, potentially reversible on appeal. Moreover, [the appellant did not identify] any potentially incorrect factual finding or legal conclusion reached by the Bankruptcy Court." Id. Owing to an absence of specific challenges to actions taken by the Bankruptcy Court, the court concluded that the appellant did not demonstrate a likelihood of success on the merits. Id. at *3. Here, Ms Sacks has respectfully identified two potentially incorrect legal conclusions that are likely reversible on appeal, owing to the unsettled nature of the law on which such conclusions were based.

26.   Bankruptcy courts have found a likelihood of success on the merits where the law underlying the subject opinion is unsettled. In re Miraj and Sons, Inc., 201 B.R. at 27 ("The law in this area is unsettled . . . . Notwithstanding this Court's confidence in the rectitude of its decision, [the appellant's] appeal is not frivolous. It has a substantial case."); Stephenson v. Rickles Electronics & Satellites (In re Best Reception Systems, Inc.), 219 B.R. 988, 994 (Bankr. E.D. Tenn. 1998) (a serious question is raised regarding the merits of the court's decision where different courts have reached contrary conclusions when examining the same issue).

27.   Ms. Sacks has a substantial case on appeal. Ms. Sacks has respectfully raised two issues of legal error in the Default Judgment Opinion and Order. Both errors are, therefore, subject to full *de novo* review in the District Court. First, this Court erred as a matter of law in its conclusion that Ms. Sacks is not an agent of the State of Connecticut. Second, this Court erred as a matter of law in its interpretation of Conn. Gen. Stat. § 52-64 as permissive rather than mandatory. As noted by the Court on Page 6 of the Default Judgment Opinion and Order, the courts of the State of Connecticut are markedly split as to whether service upon the Connecticut Attorney General is required by Conn. Gen. Stat. § 52-64. See In re Best Reception Systems, Inc., 219 B.R. at 994 (a serious question is raised regarding the merits of the court's decision

where different courts have reached contrary conclusions when examining the same issue). For the foregoing reasons, Ms. Sacks has a strong case on appeal and has thus shown that her appeal to the District Court has a "likelihood of success on the merits." See In re Polaroid Corp., 2005 WL at 253477 at *1 (citing In re Public Serv. Co., 116 B.R. at 348-49).

     **B.**    **The State of Connecticut, via Ms. Sacks as its receiver, will suffer irreparable injury unless this Court grants the Motion.**

     28.    If the Court does not grant this Motion, Ms. Sacks' appeal may be rendered equitably moot. As aptly stated by the court in In re Advanced Mining Systems, Inc.,

> If a stay pending appeal is denied, the [disputed assets] will be distributed without any reserve for the [appellant's] claim. . . . The inevitable result, which the Objectors cannot reasonably question, is that a denial of a stay would moot the appeal and deny the [appellant] any recovery. That is a quintessential form of prejudice to the [appellant].

Lutin v. United States Bankruptcy Court for the Southern District of New York (In re Advanced Mining Systems, Inc.), 173 B.R. 467, 468-69 (S.D.N.Y. 1994). The State of Connecticut, therefore, via Ms. Sacks as its receiver, will therefore be irreparably harmed if the Court does not grant this Motion.

     **C.**    **Neither the Plaintiff nor USNC will suffer substantial harm if the Motion is granted because the Deposited Funds are safely held in an escrow account under the control of this Court.**

     29.    The Deposited Funds are safely held in an escrow account under the control of this Court. See Certification of Counsel Regarding Release of Funds Held By the Clerk of the United States Bankruptcy Court for the District of Delaware, D.I. No. 55 (requesting that this Court release the Deposited Funds). Thus, this is not a situation where there is a risk that the appellant is merely seeking to forestall the payment of a debt or where the appellant's ability to

pay a judgment is drawn into question. Here, the Deposited Funds that lie at the center of this dispute already reside in an escrow account.

30. The only potential harm to the Plaintiff and USNC is the additional time inherent in the appeal process. Such delay is not sufficient harm to merit denial of a stay pending appeal. Trefny v. Bear Stearns Securities Corp., 243 B.R. 300, 310 (Bankr. S.D. Tex. 1999) ("[The nonmoving party], on the other hand, will not be harmed by the stay. The only harm to [the nonmoving party] is the additional time until his claims against [the appellant] are concluded."). Thus, the third factor of the four-prong test to obtain a stay pending appeal substantially favors Ms. Sacks. Neither the Plaintiff nor USNC will suffer substantial harm if the Court grants this Motion.

**D. The public interest will not be harmed if the Motion is granted.**

31. There are no circumstances under which the public interest would be harmed if a stay of the Default Judgment Opinion and Order and Settlement Order is granted pending Ms. Sacks' appeal.

### III. RESERVATION OF RIGHTS

32. This Motion and the arguments stated herein do not constitute Ms. Sacks Statement of Issues on Appeal pursuant to Bankruptcy Rule 8006. Ms. Sacks reserves her right to further identify issues of legal and/or factual error for her appeal to the District Court.

### IV. BRIEFING

33. Ms. Sacks waives her right to file a brief in support of this Motion pursuant to Rule 7.1.2(a)(3) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, as made applicable to this proceeding by Rule 1001-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware.

## V. <u>CONCLUSION</u>

34. Based on the foregoing reasons, Ms. Sacks, as the State of Connecticut's receiver for five facilities formerly owned and operated by Pegasus Management Company, Inc. respectfully requests that this Court enter an Order staying the enforcement of the Default Judgment Opinion and Order, the Settlement Agreement Order, and all other proceedings related to the above-captioned adversary proceeding pending the disposition of Ms. Sacks' appeals of said Orders to the United States District Court for the District of Delaware.

Dated: July 12, 2005
      Wilmington, Delaware

Respectfully submitted,

REED SMITH LLP

By: /s/ Mark W. Eckard
Mark W. Eckard (No. 4542)
1201 Market Street, Suite 1500
Wilmington, DE 19801
Telephone: (302) 778-7500
Facsimile: (302) 778-7575

Counsel for Katharine B. Sacks, Esquire,
Receiver for Five Facilities Formerly Owned
and Operated by Pegasus Management Co, Inc.